UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JIMMY QUINTIN GREEN,

       Defendant.
_____/

Case No. 03-80016

Hon. John Corbett O'Meara

**OPINION AND ORDER**

    Before the court are several motions filed by Defendant, Jimmy Quintin Green: (1) Motion for Discovery and Evidentiary Hearing, filed October 31, 2005; (2) Motion for Reduction of Sentence, filed December 2, 2005; (3) Motion to Be Granted Credit for Time on Bond as "in Custody" Time, filed December 21, 2005; and (4) Motion to Amend Presentence Investigation Report, filed January 11, 2006. The government has filed responses to the first three motions. After a careful review of the record, the court is satisfied that a hearing is unnecessary. See LR 7.1(e)(1) (E.D. Mich. Sept. 8, 1998). For the reasons set forth below, Defendant's motions are denied.

**BACKGROUND FACTS**

    A jury convicted Defendant of being a felon in possession of a firearm on December 4, 2003. On April 6, 2004, the court sentenced Defendant to 97 months in prison, which was at the bottom of the guideline range. The court found, by a preponderance of the evidence, that Defendant had used the gun during an assault on his wife. This finding of fact resulted in a four-point enhancement under the Sentencing Guidelines, increasing the range from 63 to 78 months

to 97 to 120 months.

Defendant appealed his conviction to the Sixth Circuit. The appellate court affirmed Defendant's conviction, but remanded the case to this court for re-sentencing in light of United States v. Booker, 543 U.S. 220 (2005). The court found that the judicial fact finding regarding the assault, which resulted in a four-point enhancement, violated Booker. The court re-sentenced Defendant on October 18, 2005, to 80 months in prison. An amended judgment to that effect was entered on October 20, 2005.

## LAW AND ANALYSIS

### I.      Motion for Discovery and Evidentiary Hearing

Defendant seeks discovery pursuant to Fed. R. Crim. P. 16. Specifically, Defendant alleges that he was selectively prosecuted based upon his race and seeks documents regarding the Project Safe Neighborhoods program. The Department of Justice's Project Safe Neighborhoods program is designed to combat gun violence; the program has resulted in the diversion of some state firearms cases to federal court.

Defendant has cited no authority that he is entitled to discovery post-conviction. Moreover, Defendant has not made a sufficient showing that he is entitled to discovery regarding his allegations of selective prosecution. To prevail on a selective prosecution claim, a defendant must prove both that the federal prosecutorial policy had a discriminatory effect and that it was motived by a discriminatory purpose. United States v. Armstrong, 517 U.S. 456, 465 (1996). In order to obtain discovery in support of a selective prosecution claim, a defendant must meet a relatively "rigorous standard." Id. at 468. The Supreme Court has recognized,

> If discovery is ordered, the Government must assemble from its
> own files documents which might corroborate or refute the

-2-

> defendant's claim.  Discovery thus imposes many of the costs
> present when the Government must respond to a prima facie case
> of selective prosecution.  It will divert prosecutors' resources and
> may disclose the Government's prosecutorial strategy.  The
> justifications for a rigorous standard for the elements of a selective
> prosecution claim thus require a correspondingly rigorous standard
> for discovery in aid of such a claim.

Id.  To obtain discovery, the defendant must present "some evidence" of discriminatory effect and discriminatory purpose.  Id. at 468-69; see also United States v. Bass, 536 U.S. 862, 863 (2002).

With respect to the discriminatory effect element, the defendant must make a "credible showing" that "similarly situated individuals of a different race were not prosecuted." Armstrong, 517 U.S. at 465, 470.  Defendant has not made such a credible showing here.  Although Defendant names two white men who allegedly were not prosecuted in federal court for firearms violations, the court cannot determine whether these individuals are similarly situated to Defendant based upon the information provided.  Further, Defendant has presented no evidence of discriminatory purpose.  Accordingly, Defendant has not made the showing required by Armstrong and is not entitled to discovery.

## II.     Motion for Reduction of Sentence

Defendant also moves for the reduction of his sentence pursuant to Fed. R. Crim. P. 35. Rule 35(a) allows the court to correct a sentence that "resulted from arithmetical, technical, or other clear error." Id.  Rule 35(b) permits the court to reduce a sentence upon the government's motion, if the defendant provides "substantial assistance in investigating or prosecuting another person." Id.  Neither subsection of Rule 35 is applicable here.  Further, this rule does not permit the court to reconsider its interpretation of the Sentencing Guidelines or 18 U.S.C. § 3553(a).

See United States v. Durham, 178 F.3d 796 (6th Cir.), cert. denied, 528 U.S. 1033 (1999) ("Because the district court did not impose Durham's sentence in error, it correctly found that it had no jurisdiction to reconsider the sentence."). Defendant does not argue that the court imposed his sentence as a result of an "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Accordingly, this court lacks jurisdiction to reconsider or reduce Defendant's sentence.

### III.     Motion to Be Granted Credit for Time on Bond as "in Custody" Time

Defendant also argues that the time he spent on bond (approximately 14 months) should be counted as "in custody" jail time and should reduce his sentence. Defendant provides no persuasive and applicable authority for this proposition. Further, as discussed above, the court lacks jurisdiction to reconsider or reduce Defendant's sentence.

### IV.     Motion to Amend Presentence Investigation Report

Defendant requests that his presentence investigation report be amended to reflect the removal of the four-point enhancement for felonious assault. Defendant further requests that a corrected presentence report be forwarded to the U.S. Bureau of Prisons. Defendant states that he "wishes to be transferred to a regional facility i.e. Milan FCI where he can be near for practical visitation from his family." Def.'s Mot. at 1.

The court lacks jurisdiction to hear challenges to a presentence report once sentence has been imposed. See United States v. Warner, 23 F.3d 287, 290 (10th Cir. 1994) (holding that Fed. R. Crim. P. 32 does not provide a jurisdictional basis for attacking the accuracy of a presentence report after sentence has been imposed). Therefore, the court must deny Defendant's motion.

The court notes, however, that in its amended judgment, dated October 20, 2005, it

recommended that "the defendant be placed in the Milan Federal Correctional Institution or an institution as close to Detroit as possible for service of his sentence to be near his family."

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion for Discovery and Evidentiary Hearing, filed October 31, 2005; Motion for Reduction of Sentence, filed December 2, 2005; Motion to Be Granted Credit for Time on Bond as "in Custody" Time, filed December 21, 2005; and Motion to Amend Presentence Investigation Report, filed January 11, 2006, are DENIED.

                                          s/John Corbett O'Meara
                                          John Corbett O'Meara
                                          United States District Judge

Dated:  February 7, 2006