UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY QUINTIN GREEN,

        Petitioner,                         Criminal No. 03-80016
                                                       Civil No. 06-10488

v.

                                                               Hon. John Corbett O'Meara

UNITED STATES OF AMERICA,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S
REQUEST FOR RELIEF PURSUANT TO 28 U.S.C. § 2255**

Before the court are three motions brought by Petitioner Jimmy Quintin Green: (1) Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, filed February 3, 2006; (2) Motion for Declaratory Judgment, filed March 15, 2006; (3) Motion for Disposition of Case, filed July 3, 2006. The government filed a response to the first motion on March 9, 2006. After a careful review of the record, the court is satisfied that an evidentiary hearing is unnecessary.[1] For the reasons set forth below, Petitioner Green's motions are denied.

**BACKGROUND FACTS**

A jury convicted Petitioner Jimmy Quintin Green of being a felon in possession of a firearm on December 4, 2003. On April 6, 2004, the court sentenced Green to 97 months in prison, which was at the bottom of the sentencing guideline range. Subsequently, on appeal, the Sixth Circuit affirmed Green's conviction but remanded the

---

[1] With respect to § 2255 motions, "evidentiary hearings are not required when, as here, the record conclusively shows that the petitioner is entitled to no relief." Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996) (citing Fontaine v. United States, 411 U.S. 213, 215 (1973)).

1

case for re-sentencing in light of United States v. Booker, 543 U.S. 220 (2005). The court re-sentenced Green on October 18, 2005, to 80 months in prison. An amended judgment to that effect was entered on October 20, 2005. On February 3, 2006, Green filed a motion to vacate sentence under 28 U.S.C. § 2255. On March 9, 2006, the United States filed its response to Green's motion to vacate. Green filed a reply brief on April 3, 2006.

Green also filed a motion for declaratory judgment on March 15, 2006 and a motion for disposition of the case, filed July 3, 2006.

## LAW AND ANALYSIS

### I. Motion to Vacate Sentence

Green seeks to set aside his conviction and sentence pursuant to 28 U.S.C. § 2255, contending that (1) he was afforded ineffective assistance of counsel because his previous felony convictions "did not count" under 18 U.S.C. § 922(g); (2) the court committed plain error by allowing the government to review the written statement of defense witness Lakesha Green, Green's wife, in violation of Fed. R. Crim. P. 26.2; and (3) his attorney rendered ineffective assistance of counsel when he did not object to prosecutorial misconduct, which Green claims occurred when the prosecutor "changed the defense witness (Lakesha Green's) statement."

#### A. Ineffective Assistance of Counsel

Green argues that he was afforded ineffective assistance of counsel because, on the recommendation of his counsel, Green stipulated at trial that he was a previously convicted felon. Green states that his counsel told him "we want to suppress the nature

of your prior convictions" even though they were old.  See Petitioner's Brief at 7 of 15. Green argues that this recommendation by his counsel was not in his best interest and resulted in a prejudiced jury.  Specifically, Green argues that he was not a felon under 18 U.S.C. § 922(g) because his prior felony convictions did not count since his civil rights had been restored by the State of Michigan.

In defining what may extinguish a felony conviction, 18 U.S.C. § 921(a)(20) states: "Any conviction…for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."  In order to decide whether a felon's civil rights have been sufficiently restored, Michigan law is controlling.  See United States v. Campbell, 256 F.3d 381, 392 (6th Cir. 2001).  Under Michigan law:

> [a] person convicted of a specified felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until all of the following circumstances exist:
>
> (a) The expiration of 5 years after all of the following circumstances exist:
>
> (i) The person has paid all fines imposed for the violation.
>
> (ii) The person has served all terms of imprisonment imposed for the violation.
>
> (iii) The person has successfully completed all conditions of probation or parole imposed for the violation.
>
> (b) The person's right to possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm has been restored pursuant to section 4 of Act No. 372 of the Public Acts of 1927, being section 28.424 of the Michigan Compiled Laws. M.C.L.A. § 750.224f(2).

M.C.L.A. § 750.224f.

3

Green was previously convicted of five felonies under Michigan law, all of which involved the use or threatened use of physical force or involved the unlawful possession of a firearm. Green was discharged from probation on his 1999 aggravated assault conviction on November 5, 2000. The crime which led to Green's instant conviction occurred on November 15, 2002, less than three years after he was released from his probation. The five year waiting period mandated by Michigan law before Green could have applied for the restoration of his firearms rights would have ended November 5, 2005.

Green contends, however, that his civil rights were automatically restored upon his discharge from probation. As authority for his contention, Green cites Hampton v. United States, 191 F.3d 695 (6th Cir. 1999). Hampton's holding, however, which essentially states that a felon's rights are restored upon completion of his sentence, has been effectively overruled by subsequent cases. See Hampton, 191 F.3d 695 at 702-03; United States v. Campbell, 256 F.3d 381, 392 (6th Cir. 2001). In United States v. Wheeler, 118 F.Supp.2d 789 (E.D. Mich. 2000), the court noted that Michigan law continues to restrict firearm possession even after a person's civil rights are restored. Id. (citing Allen v. United States, 106 F.Supp.2d 929, 933 (E.D. Mich. 2000)). Further, the Sixth Circuit stated in Campbell that if the law of the State of Michigan places a restriction on a felon's right or privilege to possess firearms following a conviction, that person retains the status of a convicted felon and is subject to prosecution under § 922(g), notwithstanding any restoration of civil rights by the convicting jurisdiction. 256 F.3d at 392. As stated above, under M.C.L.A. § 750.224f, Michigan law placed such a restriction on Green's right to possess firearms even after he was discharged from

4

probation in 1999. Therefore, Green's previous felonies were still considered convictions under 18 U.S.C. § 921(a)(20) and 922 (g).

The Sixth Amendment to the Constitution provides a criminal defendant "the right … to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court held that a defendant is considered to have been deprived of the right to counsel where he can demonstrate "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment [and that] … the deficient performance prejudiced the defense." Id. at 687. As to the performance prong of Strickland, a defendant must demonstrate his lawyer's performance fell below an objective standard of reasonableness. Id. at 689. An attorney's actions are to be examined just as they were executed, without the benefit of hindsight. See Combs v. Coyle, 205 F.3d 269, 278 (6th Cir. 2000) ("Judicial scrutiny of performance is highly deferential, and '[a] fair assessment of attorney performance requires every effort be made to eliminate the distorting effects of hindsight.'")(quoting Strickland, 466 U.S. at 689). Where counsel proceeds according to an objectively reasonable strategy, his performance is generally deemed effective. See Miller v. Francis, 269 F.3d 609, 615-16 (6th Cir. 2001).

As to the prejudice prong, the Strickland court elaborated, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Strickland court defined "a reasonable probability" as "a probability sufficient to undermine confidence in the outcome." Id. A strategic decision cannot be the basis for a

claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness. See Hughes v. United States, 258 F.3d 453, 457 (6th Cir. 2001).

Green's counsel acted reasonably under the circumstances. Counsel's advice to Green that he should stipulate to having been convicted of a prior felony rather than allow the jury to hear about his five predicate felonies was objectively reasonable. Green's previous felonies were not debatable and clearly rendered him a felon under 18 U.S.C. § 922 (g). Therefore, Green's counsel was not ineffective.

### B. Alleged Error under Fed. R. Crim. P. 26.2

Green contends that the court should not have ordered his counsel to produce a copy of defense witness Lakesha Green's written statement to the government at the conclusion of Lakesha Green's direct testimony. Green argues that Lakesha Green's statement should have been kept under seal, allowing the government to refer to it during Lakesha Green's cross-examination caused "surprise and confusion," and that but for the government questioning Lakesha Green about portions of the statement the result of the proceeding would have been different.

Fed. R. Crim. P. 26.2 states in pertinent part:

> (a) Motion for Production. After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, shall order the attorney for the government, or the defendant and the defendant's attorney, as the case maybe, to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter concerning which the witness has testified.

Rule 26.2(c) provides for an *in camera* inspection of certain statements for the presence of privileged information, and, if that information is present, the court may excise that material before it is provided to the other party. After Lakesha Green completed her direct testimony, the government requested a copy of the written statement that she testified she prepared for defense counsel. The court found, during an *in camera* review of the statement, that none of the information contained within the statement was protected by privilege. Further, defense counsel said that none of the statements were privileged. Thus, the court properly ordered that a copy of the statement be turned over to the government for use during Lakesha Green's cross examination. Green's arguments on this point are not well taken and do not serve as a basis to vacate his sentence.

      **C.**    **Prosecutorial Misconduct**

Green contends that the prosecution changed Lakesha Green's witness statement and read the changed version to the jurors, which prejudiced them against Green. The petitioner states that this alleged act by the prosecution effectively denied him a fair and impartial proceeding. Green does not state in what way the prosecutor allegedly changed the statement, however.

Green also claims that his attorney rendered ineffective assistance of counsel when he failed to object to the prosecution's reading of the allegedly changed witness statement to the jury. Green fails again to cite any valid legal support for his contention.

Since Green fails to cite any factual basis or legal authority for his claim of prosecutorial misconduct, his claim must fail.

For all of the foregoing reasons, Green's motion to vacate his sentence pursuant to § 2255 is denied.

## II. Motion for Declaratory Judgment

Green also has filed a motion for declaratory judgment in which he attempts to invoke Fed. R. Civ. P. 36 to advocate for his immediate release from prison while he waits for the prosecution to respond to his motion to vacate. Neither Fed. R. Civ. P. 36 nor Fed. R. Crim. P. 36 even remotely discuss the custody of prisoners in habeas corpus proceedings. Since the petitioner fails to cite any authority for his claim, and because his motion to vacate lacks merit, his motion is denied.

## ORDER

IT IS HEREBY ORDERED that Petitioner Jimmy Quintin Green's February 3, 2006 motion to vacate sentence pursuant to § 2255 is DENIED.

IT IS FURTHER ORDERED that Petitioner's March 15, 2006 motion for declaratory judgment is DENIED.

IT IS FURTHER ORDERED that Petitioner's July 3, 2006 motion for disposition of case is DENIED AS MOOT.


s/John Corbett O'Meara
U.S. District Court Judge

Dated: August 08, 2006

<u>Certificate of Service</u>

    I hereby certify that a copy of this Order was served upon the attorneys and/or parties of record by electronic means and/or U. S. Mail on August 08, 2006.

<u>s/William J. Barkholz</u><br>
Courtroom Deputy Clerk