UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY QUINTIN GREEN,

    Petitioner,                                        Criminal Case No. 03-80016
                                                          Civil Case No. 06-10488
v.                                                                Honorable John Corbett O'Meara

UNITED STATE OF AMERICA,

    Respondent.
                                          /

## **ORDER DENYING PETITIONER'S MOTIONS FOR RECONSIDERATION OF JUDGMENT AND RULE 60(b)(3) MOTION PURUSANT TO THE FEDERAL RULES OF CIVIL PROCEDURE**

These matters come before the court on Petitioner Jimmy Quintin Green's Motion for Reconsideration of Judgment and his Rule 60(b) Motion pursuant to the Federal Rules of Civil Procedure, filed February 7, 2008 and March 13, 2008, respectively.

The motion for reconsideration of judgment contends that this court, pursuant to U.S.S.G. § 4A1.2(c) should recalculate Petitioner Green's sentencing guidelines range because a 1999 conviction for aggravated assault was only punishable for one year and was eventually dismissed. According to Green, modifications made to U.S.S.G. § 4A1.2(c) in 2007 should result in a reduction of the sentencing guidelines applied to his conviction. However, this court lacks the ability to give U.S.S.G. § 4A1.2(c) retroactive effect. See United States v. Dullen, 15 F.3d 68, 69-70 (6th Cir. 1994) (when a defendant currently serves a term of imprisonment and the applicable guidelines range has been lowered, the court may consider a reduction in defendant's term of imprisonment only if the amendment is listed as retroactive under U.S.S.G. § 1B1.10(c)). U.S.S.G. § 4A1.2(c) is not authorized for retroactive application in U.S.S.G. § 1B1.10(c).

The Rule 60(b)(3) Motion pursuant to the Federal Rules of Civil Procedure challenges this court's August 8, 2006 denial of his motion to vacate his conviction, pursuant to 28 U.S.C. § 2255 due to this

court's "acceptance of the Government's 'Misrepresentation' of Green's Claims" and this court's denial on October 4, 2006 of his motion for reconsideration of the order denying his motion to vacate. Petitioner Green further contends that the Sixth Circuit also erred in upholding this court's decision to deny him relief, in part because the Sixth Circuit accepted this court "misrepresentation" of Petitioner's claims.

Petitioner seeks to relitigate the issues he has previously presented to this court. Although he may do so through a motion filed pursuant to Fed. R. Civ. P. 60(b), he may not do so without permission from the Sixth Circuit. Under 28 U.S.C. § 2244(b)(3), federal prisoners who seek a second or successive motion attacking a sentence under 28 U.S.C. § 2255 must first receive an order from the court of appeals authorizing the district court to review the second or successive request. See In re Sims, 111F.3d 45, 46 (6th Cir. 1997). A motion filed pursuant to Fed. R. Civ. P. 60(b) may be considered a second or successive 28 U.S.C. § 2255 petition if the merits of the claim in the 60(b) motion are effectively indistinguishable from the allegations made by Petitioner in his original § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524, 548 (2005). In this instance, Petitioner Green seeks to relitigate the redaction of a witness statement, a matter he previously addressed in his initial § 2255 motion. The record is devoid of any evidence that Petitioner Green requested permission from the Sixth Circuit to do so.

For these reasons, **IT IS HEREBY ORDERED** that Petitioner's motion for reconsideration of judgment, filed on February 7, 2008 and Petitioner's Rule 60(b)(3) Motion pursuant to the Federal Rules of Civil Procedure, filed on March 13, 2008 are **DENIED.**

                                                      s/John Corbett O'Meara
                                                      United States District Judge

Date: June 10, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 10, 2008, by electronic and/or ordinary mail.

                s/William Barkholz
                Case Manager